**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

RONALD MADDEN, et al.,

    Plaintiffs,

vs.

SONDRA WALLS, et al.,

    Defendants.

Case No. 1:20-cv-115

Black, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

This civil action is now before the Court on Defendants Sondra Walls and Real Estate Investments, LLC ("Defendants") motion to dismiss Plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and the parties responsive memoranda. (Docs. 13, 16). As further explained below, Defendants' motion is well-taken and should be granted.

**I.    Background and Facts**

Prior to fling the instant action, Plaintiffs' filed a charge with the Ohio Civil Rights Commission ("OCRC") against Defendants alleging housing discrimination related to a rental property. Plaintiffs' OCRC charge alleges that Defendants refused to rent them an apartment due their race. On March 20, 2020, after a mediation, Plaintiffs and Defendants entered into a settlement agreement and release of the OCRC charge. (Doc. 4, Ex, B). The Conciliation Agreement and Consent Order signed by all Parties included a release clause that stated "The Charging Party hereby waives, releases, and agrees not to sue Respondent for any claims arising before the Ohio Civil Rights Commission that were the subject of the above-referenced charge." *Id.*

On March 3, 2020, Plaintiffs filed their Complaint against Defendants alleging violations of Fair Housing. The Complaint alleges the same facts contained on Plaintiffs' OCRC charge of discrimination.

## II. Standard of Review

A motion to dismiss under Rule 12(b)(6) requires the Court to construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtably can prove no set of facts in support of the claims that would entitle relief. *Meador v. Cabinet for Human Resources*, 902 F.2d 474, 475 (6th Cir. 1990). However, the Court need not accept legal conclusions and unwarranted factual inferences as true. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

## III. Analysis

Defendants contend that this matter should be dismissed because the subject matter of the OCRC charge was identical to the claims brought by Plaintiffs in the present case. (See Doc. 7, Ex. A at 1-2). In this regard, Defendants contend that the settlement agreement relating to Plaintiffs' OCRC charge was supported by consideration and constituted a clear meeting of the minds between Plaintiffs and Defendants. As such, Defendants contend that Plaintiffs have failed to dismiss the present case pursuant to their obligations in the signed Conciliation Agreement with Defendants. In this regard, Defendants contend that they performed all obligations under the Conciliation Agreement with Plaintiffs, including payment to Plaintiffs of $1,900.00. In light of the foregoing, Defendants argue that there are no claims on which relief can be granted in the present case as Plaintiffs have released Defendants from liability. The undersigned agrees.

As noted by Defendants, Ohio law is clear that a "release of a cause of action for damages is ordinarily an absolute bar to a later action on any claim encompassed within the release." *Haller v. Borror Corp.*, 552 N.E.2d 207, 210 (Ohio 1990). The Sixth Circuit applies this Ohio law in barring claims from plaintiffs that are subject to a release. *See Hill v. McCrabb et al.*, 19 Fed.Appx. 314 (6th Cir. 2001). Here, Plaintiffs signed a release that encompasses the claim in the present case. As such, Plaintiffs' complaint should be dismissed because there are no claims on which relief can be granted in the present case as Plaintiffs have released Defendants from liability.

### IV. Conclusion

Accordingly, **IT IS RECOMMENDED THAT** Defendants' motion to dismiss Plaintiffs' complaint for failure to state a claim (Doc. 7) be **GRANTED**, all pending motions be **DENIED as MOOT** (Doc. 14, 17, 18, 20); and this matter **TERMINATED** on the active docket of the Court.

    *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RONALD MADDEN, et al.,

    Plaintiff,

vs.

SONDRA WALLS., et al.,

    Defendants.

Case No. 1:20-cv-115

Black, J.
Bowman, M.J.

# NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).